IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-44957 |
| | ) | |
| JOHN J. WISOWATY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date:  May 26, 2015 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:      682 |

## COVER SHEET FOR SECOND AND FINAL APPLICATION OF FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES

Name of Applicant:               FrankGecker, LLP

Authorized to Provide            Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:        John. J. Wisowaty

Period for Which                 December 1, 2011 through January 30, 2015
Compensation is Sought:

                                 $2,321.50

Amount of Expense                $    0.46
Reimbursement Sought:

This is a:                       Second and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $2,552.50.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-44957 |
| | ) | |
| JOHN J. WISOWATY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: May 26, 2015 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 682 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **May 26, 2015** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer in his usual Courtroom No. 682 in the Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in his place and stead, and then and there present the **Second and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of John J. Wisowaty, for Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: April 21, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JOHN J. WISOWATY

By: /s/   *Micah R. Krohn*

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

{WISOWATY/001/00041481.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-44957 |
| | ) | |
| JOHN J. WISOWATY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |

### SECOND AND FINAL FEE APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JOHN J. WISOWATY FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of John J. Wisowaty (the "Debtor"), hereby submits this second and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $2,321.50 for legal services performed as counsel to the Trustee during the period of December 1, 2011 through and including January 30, 2015 (the "Application Period") and reimbursement of expenses totaling $0.46 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1. On October 7, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker is the duly appointed Trustee in the Case.

3. The Section 341 meeting of creditors was held on December 14, 2010 (the "341 Meeting").

4. The Trustee chose the law firm of FrankGecker LLP ("FG") as her counsel in the Case. On February 22, 2011, this Court entered an order authorizing the Trustee to retain FG as her counsel retroactive to January 13, 2011.

5. Counsel has received $2,552.50 in previously awarded compensation and reimbursement of expenses.

6. During the Application Period FG monitored state court foreclosure proceedings on the Debtor's primary residence located at 2149 West Charleston Street, Chicago, Illinois 60647 (the "Real Estate").

7. Following the judicial sale of the Real Estate, a surplus of $18,600.23 remained after satisfying the secured lender's senior lien, costs of sale and related expenses. FG prepared for and attended the hearing on the Debtor's motion to distribute the surplus funds in satisfaction of the Debtor's statutory homestead exemption, which order was granted on August 13, 2012.

8. In October, 2014, the Trustee received $3,600.23, from the surplus funds of the judicial sale of the Real Estate and the Debtor received his $15,000.00 homestead exemption.

9. In addition to the Debtor's primary residence, the Debtor owned a four unit apartment building at 1438 Maplewood Avenue, Chicago, Illinois 60622 (the "Maplewood Property"). On October 1, 2013, Green Tree Service Servicing LLC filed a motion to lift stay and to compel the Trustee to abandon any interests in the Maplewood Property. Upon review of the underlying documentation, the Trustee determined that there was no equity in the Maplewood Property and allowed the motion to lift stay to be granted unopposed.

10. This Application seeks allowance of all fees and expenses incurred by FG from December 1, 2011 through and including January 30, 2015. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results

obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I. SERVICES PERFORMED

### A. Administration     $375.00

FG spent 1.00 hour on issues relating to preparing and appearing before this Court to report on the status of proceedings and tax issues remaining open to be reconciled prior to the Trustee's final report.

| Administration | Time Spent | Rate | Amount |
|---|---|---|---|
| Zane L. Zielinski, associate | 1.00 | 375.00 | 375.00 |
| **Total Administration** | 1.00 | | 375.00 |

### B. Claims     $295.00

FG spent 0.80 hours corresponding with secured creditors re failure to lift stay prior to commencement of foreclosure proceedings and premature abandonment. The judicial foreclosure resulted in an excess of funds to be distributed for the benefit of creditors. FG oversaw and accomplished the turnover of the excess funds.

| Claims | Time Spent | Rate | Amount |
|---|---|---|---|
| Zane L. Zielinski, associate | 0.50 | 365.00 | 182.50 |
| Zane L. Zielinski, associate | 0.30 | 375.00 | 112.50 |
| **Total Claims** | 0.80 | | 295.00 |

### C. Litigation     $1,391.50

FG spent 3.80 hours attending to the conclusion of the state court foreclosure proceedings. In addition to monitoring the finalization of the suit, FG was compelled to direct Bank of America to disburse the excess funds. FG prepared correspondence to Bank of America

with respect to their refusal to turn over the funds to the Trustee. FG drafted a turnover motion to secure Bank of America's compliance regarding the excess funds.

| Litigation | Time Spent | Rate | Amount |
|---|---|---|---|
| Zane L. Zielinski, associate | 0.70 | 350.00 | 245.00 |
| Zane L. Zielinski, associate | 1.60 | 365.00 | 584.00 |
| Zane L. Zielinski, associate | 1.50 | 375.00 | 562.50 |
| **Total Administration** | 3.80 | | $1,391.50 |

**D.    Retention of Professionals/Fee Applications                    $260.00**

FrankGecker spent 1.3 hour at a cost of **$260.00** on issues relating to drafting, filing and preparing for court hearing on FG's second and final fee application. FG Also reviewed and e-filed the final fee application of Alan D. Lasko & Associates, PC.

| Administration | Time Spent | Rate | Amount |
|---|---|---|---|
| Michael H. Matlock | 1.30 | 200.00 | $260.00 |
| **Total Administration** | 1.30 | | $260.00 |

## II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

<u>Zane L. Zielinski</u> (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

<u>Michael H. Matlock</u> (MHM) is a paralegal at FrankGecker. Mr. Matlock is a graduate of the University of Oklahoma and has over 25 years of bankruptcy experience in cases involving representation of debtors, creditors and trustees.

## III.    CALCULATION OF TIME AND FEES

This is the Trustee's second and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from December 1, 2011 through January 30, 2015. All professional services for which compensation

{WISOWATY/001/00041481.DOC/}                            4

is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **6.90 hours** providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$2,321.50** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$336.45.** In addition, FG has expended the sum of **$0.46** for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

{WISOWATY/001/00041481.DOC/}                    5

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$2,321.50**;

B. Authorizing the Trustee to reimburse FrankGecker LLP actual and necessary expenses in the amount of **$0.46**;

C. Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$2,321.96**.

| | |
|---|---|
| Dated: April 21, 2015 | Respectfully submitted, |
| | FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JOHN J. WISOWATY |
| | By:  /s/  *Micah R. Krohn* |

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com